# NOTICE TO PARTIES REGARDING
# CRIMINAL PRETRIAL CONFERENCE

A telephonic pretrial conference will be held for the defendant(s) on the date and time set forth in the "Text Order." **ALL** parties shall call into the court's applicable conference line at the designated time to participate in the scheduling conference.

For Judge Christensen's conference line, call 1-669-254-5252. When prompted, enter the Meeting ID 160 1303 0341, followed by # #.

For Judge Molloy's conference line, call 1-669-254-5252. When prompted, enter the Meeting ID 161 982 14726, followed by # #.

If any party wishes to appear in person, counsel must notify chambers no later than 12:00 p.m. on the day prior to the scheduled call.

No later than 14 days after the arraignment, counsel must confer and try to agree on a timetable and procedures for pretrial disclosure under Rule 16. Fed. R. Crim. P. 16.1(a). Counsel are expected to have completely evaluated the case by the date of the pretrial conference and to be prepared to discuss in detail the following:

   a. Trial scheduling and the preparation counsel have made and will make in this case.

   b. Discovery requests made and anticipated in compliance with such request.

   c. Any evidentiary roadblocks anticipated prior to or at trial.

d. Whether the government's disclosure obligations under Fed. R. Crim. P. 16, *Brady v. Maryland*, and *Giglio v. United States* may be implicated with regard to any of the following:

1. Promises of immunity or other favorable treatment to government witnesses.

2. Prior criminal records of government witnesses.

3. Prior inconsistent statements of government witnesses regarding the defendant's alleged criminal conduct.

4. Prior perjury or false testimony of government witnesses.

5. Monetary rewards or inducements to government witnesses.

6. Confessions to the crime in question by others.

7. Information reflecting bias or prejudice by government witnesses against the defendant.

8. Witness statements that others committed the crime in question.

9. Information about mental or physical impairments of government witnesses.

10. Inconsistent or contradictory examinations or scientific tests.

11. The failure of any percipient witness to make a positive identification of the defendant.

12. Information that could impact sentencing, including guideline calculations, 18 U.S.C. § 3553(f), 21 U.S.C. § 851, and USSG §5K1.1.

To enable the Court to operate efficiently and to provide effective assistance of counsel, it is essential that counsel begin immediate preparation for the pretrial conference.