**RYAN G. WELDON**
**RANDY TANNER**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**101 E. Front, Suite 401**
**Missoula, MT  59802**
**Phone:  (406) 542-8851**
**FAX:  (406) 542-1476**
**E-mail:     Ryan.Weldon@usdoj.gov**
**              Randy.Tanner@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 23-55-M-DLC |
|---|---|
| Plaintiff, | |
| vs. | OFFER OF PROOF |
| TRAVIS JOHN BRANSON, | |
| Defendant. | |

1

## THE CHARGE

The defendant, TRAVIS JOHN BRANSON, is charged by indictment in count 1 with Conspiracy, in violation of 18 U.S.C. § 371, in counts 2-9 with Unlawful Trafficking of Bald and Golden Eagles, in violation of 16 U.S.C. § 668(a), and count 15 with a violation of Lacey Act, in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B).

## PLEA

The defendant, TRAVIS JOHN BRANSON, will enter a voluntary plea of guilty to counts 1, 8-9, and 15 of the indictment.  The motion for change of plea filed with the Court represents, in the government's view, the most favorable disposition of the case against the defendant.  *See, e.g., Missouri v. Frye*, 132 S. Ct. 1399 (2012).

## ELEMENTS

The defendant will plead guilty because he is guilty of count 1 contained in the indictment.  In pleading guilty to count 1, the defendant acknowledges that:

> **First**, beginning on or about January 2015, and ending on or about March 2021, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;
>
> **Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and,
>
> **Third**, one of the members of the conspiracy performed at least one overt act after January 2019 for the purpose of carrying out the conspiracy.

In pleading guilty to count 8, the defendant acknowledges that:

**First**, the defendant knowingly took, possessed, sold, bartered, offered to sell, and transported a bald or golden eagle; and,

**Second**, the defendant did so without being permitted to do so.

In pleading guilty to count 9, the defendant acknowledges that:

**First**, the defendant knowingly took, possessed, sold, bartered, offered to sell, and transported a bald or golden eagle;

**Second**, the defendant did so without being permitted to do so; and,

**Third**, the defendant has a prior conviction under 16 U.S.C. § 668.

In pleading guilty to count 15, the defendant acknowledges that:

**First**, the defendant sold and offered to sell wildlife;

**Second**, the wildlife had a market value in excess of $350;

**Third**, the defendant knew the wildlife was taken, possessed, transported, or sold in violation of any underlying law; and,

**Fourth**, the selling, and offering to sell, violated the Bald and Golden Eagle Protection Act, in violation of 16 U.S.C. § 668(a).

## PENALTY

Count 1 of the indictment charges the crime of Conspiracy, in violation of 18 U.S.C. § 371.  Count 1 carries up to five years of imprisonment, a $250,000 fine, up to three years of supervised release, and a $100 special assessment.  Count 8 charges the crime of Unlawful Trafficking of Bald and Golden Eagles, in violation of 16 U.S.C. § 668(a).  Count 8, for a first offense, carries a maximum

3

term of imprisonment of one year, a $5,000 fine, one year of supervised release, and a $25 special assessment.  Count 9 charges the crime of Unlawful Trafficking of Bald and Golden Eagles, in violation of 16 U.S.C. § 668(a).  Count 9, for a second or subsequent conviction, carries a maximum term of imprisonment of two years, a $10,000 fine, one year of supervised release, and a $100 special assessment.[1]  Count 15 charges a violation of the Lacey Act, in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B).  Count 15 carries a maximum term of imprisonment of five years, a $20,000 fine, three years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

The Bald and Golden Eagle Protection Act was enacted in 1940 to protect the bald eagle, recognizing that the bald eagle is not merely a bird of biological interest, but this country's national symbol, which reflects America's ideals of freedom.  In 1962, Congress extended the Act to also protect golden eagles.

---

[1] The enhanced felony provision for a "second or subsequent conviction" of illegally taking bald and golden eagles applies to a second count in a single indictment, even though the guilty pleas and convictions were entered simultaneously.  *United States v. Street*, 257 F.3d 869, 870 (8th Cir. 2001).

Travis John Branson, and others, hunted and killed eagles on the Flathead Indian Reservation. Branson then sold the eagles on the black market across the United States and elsewhere. In doing so, Branson traveled from Washington to the Flathead Indian Reservation to shoot bald and golden eagles. When Branson arrived on the Flathead Indian Reservation, he would meet Simon Paul. They would then kill, transport, and ship bald and golden eagles for future sales on the black market.

Specifically, on March 1, 2021, a purchaser inquired if Branson had any eagle feathers for sale. Branson responded by sending two pictures of golden eagle tail feathers, which are identified below:



The purchaser sent Branson $650 via PayPal. Branson sent a package to the purchaser that contained the eagle feathers, and the purchaser confirmed, by text message, receipt of the package.

On March 13, 2021, Travis Branson shot and killed a golden eagle near Polson. Law enforcement stopped Branson and recovered the feet and feathers of

the golden eagle in Branson's vehicle.  Below is a photograph of the golden eagle feet recovered by law enforcement.



Later, law enforcement recovered the remainder of the golden eagle carcass in an open field.

During the stop, law enforcement also seized multiple phones.  After obtaining a federal search warrant, law enforcement recovered numerous photos and text messages identifying the shooting, killing, and ultimate selling of bald and golden eagles throughout the United States.  Some of the photos recovered include the following:



Branson knew killing and selling eagles was illegal, and he did not have a permit for any of the above activities. For example, when negotiating a purchase price of eagle feathers with a potential buyer, Branson said the following:

> **Travis John Branson**
> I don't get em for free though ..out hear committing felonies

Branson told another potential buyer he would obtain other eagle tails by "[g]oing on a killing spree."

7



Branson even acknowledged international shipping of eagles was illegal.



///

///

///

///

///

///

///

The United States would have presented this evidence through the testimony of law enforcement and lay witnesses.

DATED this 12th day of March, 2024.

                                JESSE A. LASLOVICH
                                United States Attorney

                                */s/  Ryan G. Weldon*
                                RYAN G. WELDON
                                Assistant U.S. Attorney

                                */s/  Randy Tanner*
                                RANDY TANNER
                                Assistant U.S. Attorney